**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

UNITED STATES OF AMERICA,

    -v-

                                        5:26-CR-34 (AJB)

JAMES WINSTON III,

           Defendant.

**Hon. Anthony Brindisi, U.S. District Judge:**

**DECISION and ORDER**

**I.      INTRODUCTION**

The United States of America (the "government") has charged defendant James Winston III ("defendant") with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). *United States v. Winston*, 5:25-MJ-412, Dkt. No. 1.  Following defendant's arrest on December 10, 2025, defendant made his initial appearance before U.S. Magistrate Judge Miroslav Lovric via videoconference.  *See id.*  During the initial appearance, Judge Lovric appointed the Office of the Federal Public Defender ("FPD") to represent defendant, and the government moved for a detention hearing on the basis that defendant posed a flight risk and presented a danger to the community.  *Id.*

On December 15, 2025, Judge Lovric held a detention hearing.  After receiving evidence and hearing argument from the parties, Judge Lovric ordered defendant detained pending trial based on a finding that defendant would present a danger to the community if released, and that no conditions of release could alleviate that danger.  *United States v. Winston*, 5:25-MJ-412, Dkt. No. 23 ("Tr.") at 14–18; *see also* Dkt. No. 14.

On January 23, 2026, defendant moved to reopen the detention hearing, citing changed circumstances, and the government opposed. *United States v. Winston*, 5:25-MJ-412, Dkt. Nos. 17, 19. Judge Lovric concluded that defendant's proffered information was insufficient and denied defendant's request to reopen the detention hearing without prejudice. Dkt. No. 20.

On February 3, 2026, defendant appealed. *United States v. Winston*, 5:26-CR-34. The appeal has been fully briefed, Dkt. Nos. 3, 4, and will be considered on the basis of the submissions without oral argument.

## II.    LEGAL STANDARD

Pretrial release and detention determinations are governed by the Bail Reform Act of 1984. 18 U.S.C. § 3141. The Bail Reform Act lays out detailed procedures that courts must follow in deciding whether a criminal defendant should be detained or released pending trial. 18 U.S.C. §§ 3141–56. In short, a court may only "order the pre-trial detention of a defendant if, after a hearing, the judge 'finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *United States v. Mattis*, 963 F.3d 285, 290 (2d Cir. 2020) (quoting 18 U.S.C. § 3142(e)(1)). Additionally, a court has discretion to reopen a bail hearing at any time prior to trial, "if information comes to light that is both new and material to the detention question." *United States v. Zhang*, 55 F.4th 141, 147 (2d Cir. 2022) (citing 18 U.S.C. § 3142(f)).

A criminal defendant who has been ordered detained by a magistrate judge may move in the district court "for revocation or amendment of the order." 18 U.S.C. § 3145(b). A district court reviews a magistrate judge's bail determinations under § 3142 *de novo*. *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985). In other words, a district court "should not simply defer to the judgment of the magistrate, but reach its own independent conclusion." *Id.*

## III.   DISCUSSION

Before reaching the merits of defendant's appeal, there are a couple of threshold matters that warrant discussion.

First, there appears to be some confusion over the subject of defendant's appeal. Defendant's Notice of Appeal states that he has appealed from "the Text Order by U.S. Magistrate Judge Miroslav Lovric filed on February 2, 2026." Dkt. No. 1 at 1. In that order, Judge Lovric denied defendant's motion to reopen the detention hearing. *United States v. Winston*, 5:25-MJ-412, Dkt. No. 20. But the government argues that defendant's appeal sweeps more broadly than that. In the government's view, defendant's appeal is directed at Judge Lovric's initial decision to detain defendant, rather than his subsequent denial of defendant's motion to reopen the detention hearing. *United States v. Winston*, 5:26-CR-34, Dkt. No. 4 ("Gov't Mem.") at 1 ("On appeal, [defendant] appears to challenge the initial detention order but not the denial of the request to reopen."). Defendant's briefing lends support to the government's position. *See id.*, Dkt. No. 3 ("Def.'s Mem.") at 2 ("Mr. Winston now appeals the magistrate judge's detention order and requests pretrial release."), 9 ("Mr. Winston respectfully requests the Court reverse the magistrate judge's detention order and release him from custody pending trial."). Out of an abundance of caution, the Court construes defendant's motion broadly—that is, as an appeal from Judge Lovric's initial detention order, entered on December 15, 2025.

Second, the government argues that defendant's appeal from Judge Lovric's initial detention order should be rejected as untimely. Gov't Mem. at 2 ("Because Winston makes clear that he is attempting to appeal 'the magistrate judge's detention order,' . . . his appeal is untimely." (quoting Def.'s Mem. at 2)). To be sure, Local Rule 59.1(a)(3) requires that "[a] party seeking review of a Magistrate Judge's release or detention order. . .  shall file a Notice of Appeal of

Magistrate Judge Pretrial Order. . . within fourteen (14) days of the date of entry." L.R. 59.1(a)(3). And as the government points out, defendant filed his notice of appeal more than a month after Judge Lovric ordered him detained. *United States v. Winston*, 5:25-MJ-412, Dkt. Nos. 14, 21.

Even so, the Court has discretion to excuse defendant's tardiness. *See Thomas v. Arn*, 474 U.S. 140, 154 (1985) (noting that rule imposing procedural time limit to object to a magistrate's decision "has no effect on the . . . court's jurisdiction" and "does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a *de novo* or any other standard"); Fed. R. Crim. P. 59 advisory committee's note to 2005 amendment ("Despite th[is] waiver provi- sion[ ], the district judge retains the authority to review any magistrate judge's decision or recom- mendation whether or not objections are timely filed."). Mindful that defendant's liberty is at stake, the Court exercises its discretion to entertain defendant's appeal and declines the govern- ment's invitation to summarily dismiss it as untimely.

Turning to the substance of defendant's appeal, defendant primarily argues that Judge Lov- ric erroneously ordered him detained pending trial. Def.'s Mem. at 6–9. The government disa- grees. Gov't Mem. at 3–4.

A criminal defendant who has been ordered detained by a magistrate judge may move in the district court "for revocation or amendment of the order." 18 U.S.C. § 3145(b). Defendant's "appeal" is more properly characterized as a motion for revocation or amendment of Judge Lov- ric's detention order under § 3145(b).

When a defendant moves under § 3145(b) for revocation of a magistrate's detention order, the district court must conduct a *de novo* review of the order. *United States v. Parker*, 65 F. Supp. 3d 358, 362 (W.D.N.Y. 2014) (Wolford, J.) (citing *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985)). In doing so, a district court need not conduct its own detention hearing. Instead, the court

may rely on the factual and evidentiary record developed during the magistrate's detention hearing, along with any new factual matters raised by the parties. *See United States v. Marra*, 165 F. Supp. 2d 478, 481 (W.D.N.Y.), *aff'd*, 21 F. App'x 66 (2d Cir. 2001) (summary order).

As explained *supra*, the Bail Reform Act requires the court to order the detention of a criminal defendant pending trial only where the court "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). Under the statute, certain crimes trigger a rebuttable presumption that "no condition or combination of conditions will reasonably assure the safety of any other person and the community," 18 U.S.C. § 3142(e), but in most cases, the "traditional presumption favoring pretrial release" applies. *United States v. Berrios-Berrios*, 791 F.2d 246, 250 (2d Cir. 1986).

To determine whether there are conditions of release that would reasonably assure the appearance of the defendant and the safety of the community, the Court must take into account the available information concerning:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . ;

(2)  the weight of the evidence against the person;

(3) the history and characteristics of the person[;] [and]

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). "When detention is based wholly or in part on a determination of dangerousness, such finding must be supported by clear and convincing evidence." *United States v. Karper*, 847 F. Supp. 2d 350, 355 (N.D.N.Y. 2011) (citing 18 U.S.C. § 3142(f)(2)(B)).

The first factor, *i.e.*, the nature and circumstances of the offense charged, weighs in favor of detention. Defendant is charged with possession of child pornography in violation of 18 U.S.C.

§2252A(a)(5)(B).[1] *United States v. Winston*, 5:25-MJ-412, Dkt. No. 1 ("Compl."). According to the government, federal law enforcement agents began investigating defendant after learning of "several cyber tips [received] from the National Center for Missing and Exploited Children indicating that. . . defendant had used two separate online accounts to upload child pornography." *United States v. Winston*, 5:25-MJ-412, Dkt. No. 23 ("Tr.") at 4. Three months later, law enforcement learned that child pornography was still present in the accounts. Compl. at 3–4. After that, law enforcement sought and obtained a warrant to search defendant, his residence, and his electronic devices. *Id.* During that search, "defendant was found to possess numerous files of child pornography on his cell phone," in addition to those uploaded to his online accounts. Tr. at 4–5. Among the files discovered on defendant's cell phone was a video depicting a child under the age of five years old engaged in sexually explicit conduct. *See* Compl. at 4. In sum, based on the nature and circumstances of the offense conduct, the Court finds that defendant poses a danger to the community.

The second factor, which concerns the weight of the evidence against defendant, also militates in favor of detention because the government's evidence against defendant is strong. The government has proffered evidence that, during a voluntary interview with law enforcement officers on the date of his arrest, defendant admitted that the online accounts referenced in the cyber tips were his. Tr. at 5. According to defendant, he also told law enforcement officers "that others in his household had access to his online accounts by way of the passwords." *Id.* at 9. But the offense conduct is not limited to the child pornography found in defendant's online accounts. *Id.* at 9–10. After defendant's voluntary interview, law enforcement arrested him, seizing a cell phone from his person. *Id.* Law enforcement discovered additional child pornography video files saved

---

[1] This offense does not trigger the statutory presumption of detention, but it is a crime of violence under the Bail Reform Act. 18 U.S.C. § 3156(a)(4)(C).

in the cell phone's photo gallery.  *Id.*  Even assuming that others had access to defendant's online accounts by way of the passwords, that would not necessarily explain the child pornography video files downloaded onto the device seized from defendant's person at the time of his arrest.  Defendant also claims that he "does not recall possessing any child pornography images," *id.* at 9, but that hardly undermines the government's showing.  The government's evidence indicates that there were child pornography video files present in defendant's online accounts for at least six months and on his cell phone for at least four months.  Compl. at 3–4.  In all, the strength of the evidence against defendant supports a finding that he presents a danger to the community.

The third factor directs the Court to look at defendant's history and characteristics, including: "[defendant]'s character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings." 18 U.S.C. § 3142(g)(3)(A).  The available information regarding defendant's history and characteristics indicates that pretrial release is not practicable at this time.

To be sure, defendant has adduced evidence of strong family ties within the community and a history of steady employment, Tr. at 8, but the Court is not satisfied that any of defendant's proposed residences are sufficiently stable to assure the safety of the community upon his release. For one, defendant concedes that his mother's residence "may not be the best fit given the number of devices at that residence and the number of minors."  *Id.*  Defendant's grandfather's residence is similarly problematic due to the presence of numerous firearms and the fact that defendant has previously been asked to leave that residence for failing to follow rules.  *Id.* at 6.  And lastly, defendant has failed to provide even "basic information" from which the Court could conclude

that his grandmother's one-bedroom apartment would be "an appropriate residence sufficient to protect the community." Gov't Mem. at 5.

But that is not all. The government has also proffered evidence that defendant has a concerning history of alcohol abuse. Tr. at 5. Defendant was convicted in state court of driving while intoxicated as recently as 2024. *Id.* at 7. Even though defendant successfully completed a court-ordered alcohol education program following that conviction, *id.* at 7, the government proffered evidence that, on December 10, 2025, defendant identified his "abuse of alcohol as a contributing factor to the conduct he is currently charged with engaging in," *id.* at 5–6. Defendant also told law enforcement officers that he could not recall downloading child pornography, and he "associated that lack of recollection with his abuse of alcohol." *Id.* at 10. Because defendant has continued to engage in the use of alcohol, even after completing an alcohol education program, and he has identified the abuse of alcohol as a contributing factor to the offense conduct, the Court finds that defendant presents a risk of danger to the community that is not likely to be redressed by the proposed release conditions.

The final factor for the Court to consider is the nature and seriousness of the danger to any person or the community that would be posed by defendant's release. 18 U.S.C. § 3142(g)(4). Defendant is charged with possession of child pornography based on video files found in his online accounts and on his cell phone. Compl. As the government points out, "the types of conditions that would have to be imposed in a case like this . . . including ankle monitoring, are intended to monitor where the defendant is at a particular time geographically," not to "inform probation or the Court of what conduct the defendant is engaged in at that location." Tr. at 11.

Defendant has proposed that, in addition to location monitoring conditions, the Court could impose computer or internet monitoring conditions. Def.'s Mem. at 8. Defendant's grandmother

has also expressed that she would "be fully compliant with any directives from pretrial services concerning her devices and restrictions that apply to [defendant]." *United States v. Winston*, 5:25-MJ-412, Dkt. No. 17 at 2.

But even assuming the Court could condition defendant's release on the monitoring of a non-party's devices, defendant has offered no information about the number of internet-capable devices his grandmother possesses, where and how they are stored, or the extent to which he could access them. Consequently, the Court cannot be assured that any condition or combination of conditions would be sufficient to mitigate the danger posed by defendant. *See also United States v. Valerio*, 9 F. Supp. 3d 283, 292 (E.D.N.Y. 2014) (Bianco, J.) (finding home confinement condition insufficient to mitigate danger posed by defendant accused of child pornography-related offenses because "[b]y the click of a computer key or tap of a touchscreen on a mobile phone, defendant could cause the same type of extreme harm to children and the community that he is alleged to have committed in the instant case").

In sum, the Court finds that the government has carried its burden of showing, by clear and convincing evidence, that defendant presents a risk of danger to the community, and that no condition or combination of conditions would mitigate that risk. Defendant's additional evidence of "new circumstances" does not compel a different conclusion. Consequently, defendant's motion to revoke Judge Lovric's detention order must be denied.

Although this Court has determined, based on an independent review of the presently available information, that no set of release conditions would be sufficient to ensure the safety of the community, Judge Lovric denied defendant's motion to reopen his detention hearing without prejudice. Accordingly, defendant remains free to supplement the deficiencies in his earlier application and file a renewed motion to reopen his detention hearing before Judge Lovric.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that

1.  Defendant's motion to revoke Judge Lovric's December 15, 2025, detention order

    (Dkt. No. 1) is denied.

**IT IS SO ORDERED.**

Dated:  March 30, 2026
         Utica, New York.

Anthony J. Brindisi
U.S. District Judge